IN THE UNTED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL 19 P 3:45
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

| | |
|---|---|
| Michael Coleman and Jacquard Rashun Merritt | * |
| Plaintiffs, | * |
| VS. | * 2:05CV665-W |
| Drug Enforcement Administration, Unknown Transportation and Security Administration Agents, Unknown Montgomery Airport Police Officers, | * |
| Defendants. | * |

## COMPLAINT
## AND MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

The Plaintiffs Michael Coleman and Jacquard Rashun Merritt, by and through the undersigned, move this Court for declaratory and injunctive relief and an order releasing and returning to them certain personal property belonging to them unlawfully seized by the United States of America or its agent, the Drug Enforcement Administration, and Transportation Security Administration. To wit: approximately one hundred and twenty-two thousand dollars ($122,000) in lawful United States currency. Ninety Thousand Dollars ($90,000) belonging to Michael Coleman and approximately thirty-two thousand dollars ($32,000) belonging to Jacquard Merritt. As grounds plaintiffs/claimants shows the Court the following:

## JURISDICTION

Jurisdiction is conferred via 28 U.S.C.A. §1331, 21 U.S.C.A. §881, and Rule 41(g) of the Federal Rules of Criminal Procedure, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## FACTS

1. On or about July 5, 2005, the Unites States of America through its agents the Drug Enforcement Administration, Transportation and Security Administration and Montgomery Airport Police, without a warrant, seized approximately ninety thousand dollars ($90,000.00) in lawful cash, coin, or currency of the United States of America, the property of the plaintiff/claimant Michael Coleman and in another action at the same time, seized thirty-two thousand dollars ($32,000.00) in lawful cash, coin, or currency of the United States of America , the property of Jacquard Merritt.

2. The plaintiffs were lawfully traveling from Montgomery, Alabama to San Antonio, Texas and lawfully carrying United States currency and conducting themselves in a lawful manner when TSA agents and Montgomery Airport Police stopped them without reasonable suspicion of criminal activity and arrested them without probable cause of committing a crime.

2

3. The plaintiffs were taken to a secure facility within the Montgomery Regional Airport where TSA agents, Montgomery Airport Police and Drug Enforcement Administration Agents unlawfully interrogated them, seized their luggage and searched their luggage without a warrant and without their consent where approximately $90,000 dollars in United States Currency was found in the possession of Michael Coleman and $32,000.00 found in the possession of Jacquard Merritt. The Drug Enforcement Administration seized the money found in the plaintiffs' luggage and took possession of it.

4. The search and seizure of the plaintiffs was void of exigent circumstances coupled with probable cause and in violation of the plaintiffs'/claimants' right under the Forth Amendment to the United States Constitution.

5. The United States Drug Enforcement Administration unlawfully took possession of the plaintiffs' money, without a warrant, by force and without their consent in violation of the Fourth Amendment to the United States Constitution.

6. From the date of the seizure of the money until the present time there has been no prompt judicial proceeding for its proper and lawful forfeiture.

7. The failure on the part of the United States of America or its agents to seek prompt and expeditious judicial proceedings for the forfeiture of the money interferes with the plaintiffs' claimants' right of dominion over and use of the money and thereby deprives him of his property without due

process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section VI of the Alabama Constitution.

8. The plaintiffs/claimants are the lawful and equitable owners of the money made the subject of this proceeding. The plaintiffs/claimants have informed the Drug Enforcement Administration of this fact via telephone and in person.

9. Although the plaintiffs/claimants have continued to lay claim to the money, it remains in the custody of the United States of America Drug Enforcement Administration, therefore interfering with and preventing plaintiffs'/claimants' right of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

10. The plaintiffs have demanded that the defendants return their property in person and through their attorney of record and such demands have been refused.

11. The plaintiffs have been left destitute due to the unlawful activity of the Drug Enforcement Administration and are currently suffering irreparable harm having been deprived of the means in which to care for themselves and their families.

12. The plaintiffs categorically deny any and all assertions, articulated or implied, by the defendants that the seized money was used or was intended to be used in a manner prohibited by Title 28 U.S.C.A. 881(a)(6).

## DEMAND FOR JUDGMENT

The plaintiffs demand judgment under the following terms:

1. Declaration that the conduct of the defendants violated the rights of the plaintiffs under the appropriate Constitutional amendments and;

2. That the defendants be enjoined from harassing, intimidating, threatening the plaintiffs or otherwise interfering with the lawful travel habits of the plaintiffs, and;

3. Mandatory injunctive relief requiring the defendants to immediately restore the plaintiffs their property and;

4. Costs, interest and;

5. Such other relief as the Court may deem appropriate, the premises considered.

Wherefore, plaintiff/claimant prays that this Court set this matter for a hearing at the Court's earliest convenience and after the hearing enter its Order restoring all rights to and possession of the money to the plaintiffs/claimants.

Done this 19th Day of July, 2005.

Respectfully Submitted,

_____
Joe M. Reed
Attorney for Plaintiffs

Address of Counsel:
524 S. Union St.
Montgomery, AL 36104
(334) 834-2000 t
(334) 834-2088 f

## CERTIFICATE OF SERVICE

I herby certify that the following was served on

The Honorable John Harmon
Assistant United States Attorney for the Middle District of Alabama,
1 Court Square
Montgomery, Alabama 36104

Drug Enforcement Administration
2350 Fairlane Drive
Montgomery, Alabama 36116

By certified mail, return receipt.

_____
Joe M. Reed

6